United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| RAYMOND B. SIMMONS, | Case No. 26-cv-00379-LB |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTIONS TO DISMISS** |
| JUAN GALA, et al., | Re: ECF Nos. 20–21 |
| Defendants. | |

### INTRODUCTION AND STATEMENT

The plaintiff had a registered firearm in his safe-deposit box at Bank of America. The account was closed, and the weapon was sent to the Hall of Justice Property Room at 850 Bryant Street in San Francisco. He asked defendant Juan Gala, a San Francisco Police Department (SFPD) officer, for the return of his gun and submitted the required paperwork. The gun was not returned because the serial number reported by the police following the seizure (1297302) did not match the actual serial number of the gun (1291002). He sued Officer Gala, the SFPD, and the California Department of Justice (Cal. DOJ) Bureau of Firearms for (1) withholding his personal property, (2) violating his Second Amendment right to a firearm, and (3) excessive registration fees of $57.[1] The

---

[1] Compl. – ECF No. 1 at 1–3. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 26-cv-00379-LB

defendants move to dismiss (1) the federal claim for failure to state a claim (given the mismatched serial number) and, for the Cal DOJ, lack of standing, and (2) the state claims for failure to comply with the Government Claims Act.[2] The court grants the motion.

**ANALYSIS**

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead enough facts to state a claim that is plausible on its face. *Twombly*, 550 U.S. at 570. Threadbare recital of the elements of a claim, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court accepts factual allegations as true and construes them favorably to plaintiffs. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). A complaint also must plead a cognizable legal theory. *Woods v. U.S. Bank N.A.*, 831 F.3d *Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

**1.  Federal Claim**

The plaintiff claims a Second Amendment violation. Under California law, a firearm cannot be returned unless the application for the return contains the serial number of the firearm. Cal. Penal Code § 33850(a)(3). The application did not have the correct serial number. "[G]un-registration requirements do not severely burden the Second Amendment because they do not prevent an individual from possessing a firearm in his home or elsewhere." *Pena v. Lindley*, 898 F.3d 969, 977 (9th Cir. 1999) (cleaned up). A refusal to return a pistol for failure to comply with California

---

[2] Mots. – ECF Nos. 20–21. The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c)(1). Consents – ECF Nos. 10, 13–14. The court can decide the motions without oral argument. Civil L.R. 7-1(b).

United States District Court
Northern District of California

regulations does not violate the Second Amendment. *See Cardinale v. Jones*, No. 2:20-cv-01325-MCE-CKD, 2024 WL 2132609, at *10 (E.D. Cal. May 13, 2024) (California's regulations for the return of firearms are analogous to the shall-issue regimes discussed in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 80 (2022), and are therefore lawful); *Brandstetter v. City of Riverside*, No. 5:20-cv-01866-FLA (SHKx), 2023 WL 5493817, at *5–6 (C.D. Cal. Aug. 21, 2023) (no violation of the plaintiff's rights under the Second, Fourth, or Fourteenth Amendments where the plaintiff failed to comply with Cal. Penal Code §§ 33850–33895; "there is no prohibition or other obstacle preventing Plaintiff from obtaining his firearms but himself"); , *aff'd*, No. 23-55739, 2025 WL 66045 (9th Cir. Jan. 10, 2025). A separate ground for dismissal for Cal. DOJ is that the plaintiff does not allege its involvement.

### 2. State Claims

Without a federal claim, the court lacks supplemental jurisdiction over the state claims. 28 U.S.C. § 1367. The plaintiff also did not comply with the Government Claims Act. It requires a party seeking to recover money damages from a public entity or its employees to present a claim within six months after accrual of the claim to the entity before filing suit in court. Cal. Gov't Code § 911.2(a). Compliance with the claim-presentation requirement is mandatory and is a condition precedent to suit. *Id.* § 945.4; *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (2007). The state claims are dismissed.

### CONCLUSION

The plaintiff cannot state a federal claim. Amendment is futile. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013); *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The dismissal is without prejudice to any claim for lack of return of the gun if he can remedy the issue with the serial number. This resolves ECF Nos. 20–21.

**IT IS SO ORDERED.**

Dated: June 19, 2026

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California